IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

R. C., as Parent and Legal Guardian of
N.C., a minor child,

Plaintiff,

v.                                                    CIVIL ACTION NO. 3:24-00695

MARIANA LANATA PIAZZON, M.D. and
MARSHALL UNIVERSITY BOARD OF GOVERNORS,

Defendants.

MEMORANDUM OPINON AND ORDER

Before the Court is Plaintiff's Motion to File Certain Pleadings and Exhibits with the Clerk's Office under Seal (ECF 55) and Defendants' Motion to File Certain Pleadings and Exhibits with the Clerk's Office under Seal (ECF 58). The documents the parties request to seal include briefings on Defendants' Motion to Exclude Testimony of Plaintiff's Expert, Jana Shaw, M.D., on the Issue of Causation and corresponding exhibits. In support of the motion to seal, the parties state that (1) sealing is necessary to protect the privacy interests of minor N.C. and (2) these documents are "protected from public disclosure by the Health Insurance Portability and Accountability Act (HIPAA). . . ." ECF 55, at 1; ECF 58, at 1.

"The right of public access to documents or materials filed in a district court derives from two independent sources: the common law and the First Amendment." *Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004). "The common law presumes a right of the public to inspect and copy 'all judicial records and documents.'" *Id.* (quoting *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988)). This presumption "can be rebutted if

countervailing interests heavily outweigh the public interests in access . . . ." *Id.* (quoting *Rushford v. New Yorker Mag., Inc.*, 846 F.2d 249, 253 (4th Cir. 1988)). In contrast, a court may restrict the public's First Amendment right of access "only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest." *Id.* (quoting *Stone*, 855 F.2d at 180). "The burden to overcome a First Amendment right of access rests on the party seeking to restrict access, and that party must present specific reasons in support of its position." *Id.*

Whether the common law or the First Amendment applies depends on where the case is in the litigation process. The Fourth Circuit has explained that the First Amendment "does not prohibit a district court from limiting the disclosure of products of pretrial discovery." *United States ex rel. Oberg v. Nelnet, Inc.*, 105 F.4th 161, 172 (4th Cir. 2024). The First Amendment *does* apply to documents attached to dispositive motions and filings made in connection with dispositive motions. *Id.* at 171–72.

Here, the parties ask to seal documents related to a motion to exclude expert testimony. However, both parties acknowledge that the Court's ruling on this motion will dictate the outcome of Defendants' dispositive Motion for Summary Judgment. *See* ECF 54, at 1; ECF 55-1, at 18 n.12. Since the documents at issue were filed "in connection" with a dispositive motion, the First Amendment applies to the parties' motions to seal.

The documents the parties ask to seal are filled with N.C.'s medical information. While some documents do not mention N.C. specifically, a member of the public could easily deduce facts about N.C.'s medical history from those documents.

Safeguarding a minor's physical and psychological well-being is a compelling state interest. *Globe Newspaper Co. v. Superior Ct. for Norfolk Cnty.*, 457 U.S. 596, 607 (1982). Sealing the documents at issue is narrowly tailored to achieve that interest. The Court need not decide

whether the parties' HIPAA obligations, if they have any, also justify sealing.

Accordingly, the Court **GRANTS** Plaintiff's Motion to File Certain Pleadings and Exhibits with the Clerk's Office under Seal (ECF 55) and Defendants' Motion to File Certain Pleading and Exhibits with the Clerk's Office under Seal (ECF 58). The Court **DIRECTS** the Clerk to file the documents attached to the parties' motions under seal. The motions themselves should not be sealed.

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to all counsel of record, and any unrepresented parties.

ENTER:        February 27, 2026

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE