**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

R. C., as Parent and Legal Guardian of
N.C., a minor child,

        Plaintiff,

v.                                   CIVIL ACTION NO. 3:24-0695

MARIANA LANATA PIAZZON, M.D. and
MARSHALL UNIVERSITY BOARD OF GOVERNORS,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendants' Motion to Unseal the Court's Memorandum Opinion and Order [ECF 66] (ECF 75, Defs.' Mot.).

"The right of public access to documents or materials filed in a district court derives from two independent sources: the common law and the First Amendment." *Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004). "The common law presumes a right of the public to inspect and copy 'all judicial records and documents.'" *Id.* (quoting *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988)). This presumption "can be rebutted if countervailing interests heavily outweigh the public interests in access . . . ." *Id.* (quoting *Rushford v. New Yorker Mag., Inc.*, 846 F.2d 249, 253 (4th Cir. 1988)). In contrast, a court may restrict the public's First Amendment right of access "only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest." *Id.* (quoting *Stone*, 855 F.2d at 180). "The burden to overcome a First Amendment right of access rests on the party seeking to restrict access, and that party must present specific reasons in support of its position." *Id.*

Whether the common law or the First Amendment applies depends on where the case is in the litigation process. The Fourth Circuit has explained that the First Amendment "does not prohibit a district court from limiting the disclosure of products of pretrial discovery." *United States ex rel. Oberg v. Nelnet, Inc.*, 105 F.4th 161, 172 (4th Cir. 2024). The First Amendment *does* apply to documents attached to dispositive motions and filings made in connection with dispositive motions. *Id.* at 171–72.

Since the Memorandum Opinion and Order at issue was a summary-judgment ruling, the First Amendment applies.

Defendants surmise that:

> [T]he Court's decision to seal the Memorandum Opinion and Order was due to the fact that the originally filed Integrated Order [ECF 60] inadvertently contained the names of the parents of N.C., the infant plaintiff, and the Court was concerned that the public could learn the identity of N.C. through reading the names of his parents contained in the publicly available Integrated Pretrial Order and thereby gain knowledge of N.C.'s private health records and history . . . .

Defs.' Mot. 1. Defendants are mistaken. In motions to seal which the Court granted, *see* ECF 63, the parties asked the Court to seal documents which included medical information about the plaintiff and information about a disease the plaintiff contracted. *See* ECF 55; ECF 55-1; ECF 55-2; ECF 55-3; ECF 55-4; ECF 55-5; ECF 55-6; ECF 55-7; ECF 55-8; ECF 55-9; ECF 55-10; ECF 55-11; ECF 55-12; ECF 58-2. Most of these documents did not include the plaintiff's name. *See* ECF 55-1; ECF 55-3; ECF 55-5; ECF 55-6; ECF 55-7; ECF 55-8; ECF 55-9; ECF 55-10; ECF 55-11; ECF 55-12; ECF 58-2, at 1–49, 54–61. Since the parties asked the Court to seal documents which discussed plaintiff's medical information without naming him, the Court understood the parties' position to be that the plaintiff's medical information was sensitive even when not associated with the plaintiff's name. In keeping with this position, the Court directed the Clerk to

seal the Memorandum Opinion and Order, *see* ECF 66, at 8, which discusses the plaintiff's medical information, *see id.* at 1–5, 7.

Defendants now take a different position: "Now that the names of N.C.'s parents are no longer in a publicly accessible court document, the danger that N.C.'s identity will be learned and his medical condition and history subject to public scrutiny is no longer present." Defs.' Mot. 2.

The Court agrees that no compelling interest justifies sealing the Memorandum Opinion and Order. Accordingly, the Court will grant Defendants' Motion.

Since the Defendants' Motion is persuasive, it calls into question the Court's earlier order sealing documents related to Defendants' Motion for Summary Judgment. *See generally* ECF 63. As noted above, many of these documents discuss the plaintiff's medical information or his ailment without naming him. The documents which do include the plaintiff's name could be easily redacted. *See* ECF 55-2; ECF 55-4; ECF 58-2, at 50–53. Accordingly, the Court will order the parties to file memoranda on whether the Court should unseal the documents sealed by its February 27, 2026 order (ECF 63).

The Court **GRANTS** Defendants' Motion and **DIRECTS** the Clerk to unseal the Court's Memorandum Opinion and Order (ECF 66).

The Court **DIRECTS** the parties to file memoranda on whether the Court should unseal the documents attached to the Motion by N.C. and R.C. to File Certain Pleadings and Exhibits with the Clerk's Office Under Seal (ECF 55) and Defendants' Motion to File Certain Pleadings and Exhibits with the Clerk's Office Under Seal (ECF 58) **on or before April 13, 2026**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

-3-

-4-

ENTER:        March 30, 2026

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE